IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NOV 1 6 2018

HEATHER GIBSON, )
)
            Plaintiff, )          Civil Action No. 1:18cv0339 (LO/JFA)
)
    v. )
)
ONLY CHOICE HOME HEALTH )
CARE AGENCY, LLC., *et al.*, )
)
            Defendants. )
_____ )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on a motion for default judgment filed by plaintiff Heather

Gibson ("plaintiff") against defendants Only Choice Home Health Care Agency, LLC ("Only

Choice") and Beverly Ann McNairy ("McNairy") (collectively "defendants"). (Docket no. 12).

Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court

his proposed findings of fact and recommendations, a copy of which will be provided to all

interested parties.

### Procedural Background

On March 25, 2018, plaintiff filed this action against defendants alleging violations of the

Fair Labor Standards Act ("FLSA"). (Docket no. 1). On May 7, 2018, plaintiff notified the

Clerk of Court that she had served the defendants on April 18, 2018. (Docket no. 5). On May

10, 2018, plaintiff filed a request for entry of default against defendants (Docket nos. 6, 7),

which the Clerk of Court entered on May 11, 2018 as to McNairy and Only Choice for failure to

plead or otherwise defend (Docket nos. 8, 9). On May 22, 2018, McNairy informed the court

that Only Choice is closed and no longer doing business. (Docket no. 10). On September 19,

2018, the court ordered plaintiff to promptly file either a motion for default judgment, an accompanying memorandum in support, and a notice setting the hearing, or a request that the action be dismissed without prejudice. (Docket no. 11). On October 3, 2018, plaintiff filed this motion for default judgment and noticed the hearing for November 2, 2018 at 10:00 a.m. (Docket nos. 12, 13). On October 18, 2018, plaintiff filed an amended notice of hearing for November 16, 2018 at 10:00 a.m. (Docket no. 15), and served a copy of her motion for default judgment with Roseboro notice and exhibits, memorandum in support, and proposed order of default judgment on defendants (Docket no. 16). At the hearing on November 16, 2018, counsel for plaintiff appeared, but no one appeared on behalf of defendants.

### Factual Background

The following facts are established by the complaint (Docket no. 1) ("Compl."). Only Choice was formed in the Commonwealth of Virginia and employed therapists, medical social workers, and nurses to provide in-home health care services. (Compl. ¶ 1). McNairy, a resident of Virginia, had an ownership interest in Only Choice and served as its registered agent and Patient Care/Administrator. (Compl. ¶¶ 3-5). Defendants employed plaintiff as a full-time private-duty nurse from April 2015 until August 2017. (Compl. ¶¶ 21-22, 35-36, 41-42, 147). McNairy, who established pay policies and acted as an Only Choice employer, controlled plaintiff's work schedule. (Compl. ¶¶ 13, 38-39).

Plaintiff entered into an employment contract with defendants on April 30, 2015 that provided defendants would pay plaintiff $17.00 per hour for her private-duty nursing services. (Compl. ¶¶ 20-21). Plaintiff entered into an amended employment contract in February 2016 that described her employment as "at will" and raised her rate to $18.00 per hour effective March 1, 2016. (Compl. ¶¶ 26-28, 43, 45-46). The February 2016 contract also provided that plaintiff

2

would receive a rate of $30.00 per hour when she provided skilled nursing services to Only Choice's customers. (Compl. ¶ 44). Failure to appear for a shift would result in a "voluntary resignation." (Compl. ¶ 40). Despite the language of the employment contracts, defendants treated plaintiff as an independent contractor, providing her with a Form 1099 for tax years 2015, 2016, and 2017, never having her fill out a Form W-4, and describing her as a contractor in an email sent to plaintiff on February 1, 2017. (Compl. ¶¶ 23-24, 30-32, 34).

Defendants raised plaintiff's pay rate to $18.00 per hour on March 1, 2016, raised it in error to $20.00 per hour on September 13, 2016, and decreased it back to $18.00 per hour on December 1, 2016. (Compl. ¶¶ 46, 48-50). Defendants failed to notify plaintiff of the September pay increase or the December pay decrease. (Compl. ¶ 49, 51). Only Choice notified plaintiff of the erroneous pay increase in February 2017 and stated its intention to recoup the $895.00 overpayment from plaintiff's next paycheck. (Compl. ¶ 52-56). When Only Choice's human resources employee, Tina DePalma, notified plaintiff of this deduction, plaintiff responded by stating that she disagreed with Ms. DePalma and declaring "her intent to address the issue with the proper authority to determine if Only Choice's actions were legal." (Compl. ¶¶ 159-60). Only Choice deducted the overpayment from plaintiff's next paycheck. (Compl. ¶¶ 56-57, 162).

Plaintiff also regularly worked more than forty hours per week, but defendants did not pay her an overtime premium. (Compl. ¶¶ 37, 58-81, 100-39, 141-42, 144-45). The number of days defendants included in a pay period varied, and defendants often deposited plaintiff's wages into her bank account in an untimely manner. (Compl. ¶¶ 87-96). Defendants also failed to pay plaintiff for hours worked between May 24, 2017 and May 31, 2017; July 3, 2017 and July 9,

3

2017; and July 28, 2017 and August 2, 2017.[1]  (Compl. ¶¶ 97-99, 140, 143, 146; Docket no. 14-1 ¶ 69-71).  Plaintiff resigned from Only Choice in August 2017.  (Compl. ¶ 147).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Based on the failure to plead or otherwise defend against the action, the Clerk of Court has entered a default as to Only Choice Home Health Care Agency, LLC and Beverly Ann McNairy.  (Docket nos. 8, 9).

A defendant in default admits the factual allegations in the complaint.  *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.").  Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.  28 U.S.C. § 1331 provides that "district courts shall

---

[1] In her memorandum in support of her motion for default judgment, plaintiff also alleges that defendants did not pay her for hours worked between June 1, 2017 and June 7, 2017.  (Docket no. 14 at 16).  However, the number of hours plaintiff worked and the pay periods for which plaintiff alleges defendants did not pay her are different in her complaint (Docket no. 1), her memorandum in support (Docket no. 14), and her declaration (Docket no. 14-1).  Because of these inconsistencies, the undersigned relies on plaintiff's declaration to determine the periods of nonpayment and to calculate any unpaid wages and damages.

have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Similarly, 28 U.S.C. § 1337(a) provides that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." The FLSA itself also states that any action to recover unpaid minimum or overtime wages may be maintained "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Since this action arises from a law of the United States, the FLSA, and further arises from an Act of Congress regulating commerce, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

This court also has personal jurisdiction over defendants. As stated in the complaint, McNairy is a resident of the Commonwealth of Virginia, and Only Choice had its principal office located in Fredericksburg, Virginia and regularly conducted business in this District. (Compl. ¶¶ 2, 4, 17-18).

For these reasons, the undersigned recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over the defendants, and that venue is proper in this court.

<u>Service</u>

Pursuant to Fed. R. Civ. P. 4(e)(2), an individual within a judicial district of the United States may be served by delivering a copy of the summons and complaint to the individual personally. On March 27, 2018, summonses were issued for service on Only Choice Home Health Care Agency, LLC at 608 Westwood Office Park, Fredericksburg, Virginia 22401, and Beverly Ann McNairy at 4 Jolie Court, Fredericksburg, Virginia 22406. (Docket no. 4). The return of service filed May 7, 2018 indicates that a private process server personally served

5

McNairy individually and as registered agent of Only Choice on April 18, 2018 at 15200 Leicestershire Street, Unit 336, Woodbridge, Virginia 22191. (Docket no. 5).

Based on the foregoing, the undersigned recommends a finding that defendants Only Choice and McNairy were properly served with the summons and complaint.

### Grounds for Entry of Default

On May 11, 2018, the Clerk of Court entered default against defendants McNairy and Only Choice for failure to plead or otherwise defend. (Docket nos. 8, 9). On May 22, 2018, McNairy informed the court that Only Choice was out of business. (Docket no. 10). On September 19, 2018, the court ordered plaintiff to either file a motion for default judgment or request that the action be dismissed without prejudice. (Docket no. 11). On October 3, 2018, plaintiff filed a motion for default judgment and noticed a hearing for November 2, 2018. (Docket nos. 12, 13, 14). On October 18, 2018, plaintiff re-noticed the hearing for November 16, 2018. (Docket no. 15). These pleadings were sent to defendants on October 18, 2018. (Docket no. 16). No opposition has been filed by defendants and no one appeared on behalf of defendants at the hearing on November 16, 2018.

Accordingly, the undersigned magistrate judge recommends a finding that defendants Only Choice and McNairy were properly served, that they failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to Only Choice and McNairy.

### Liability and Measure of Damages

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

As alleged in the complaint, defendants willfully violated certain provisions of the FLSA. (Compl. ¶¶ 152-53, 167). Defendants were required by the FLSA to compensate each employee based on the federal minimum wage for each hour worked. *See* 29 U.S.C. § 206(a). Additionally, for each hour worked in excess of forty hours per week, the FLSA guarantees an employee overtime pay at a rate not less than one and one-half (1.5) times the employee's regular rate of pay. *See* 29 U.S.C. § 207(a). The FLSA also makes it unlawful for an employer to discharge or otherwise discriminate against an employee for filing a complaint, instituting a proceeding or causing one to be instituted, giving testimony at such a proceeding, or serving on an industry committee. *See* 29 U.S.C. § 215(a)(3). As set forth in the incorporated memorandum in support of plaintiff's motion for default judgment, plaintiff seeks $18,775.00 in unpaid overtime compensation, an equal amount of liquidated damages, $4,234.50 in lost and unpaid wages as a result of retaliation, an equal amount in liquidated damages, $9,029.20 in attorney's fees, and $710.00 in costs. (Docket no. 12 at 1-2).

Count I: Violation of Minimum Wage and Overtime Provisions of the FLSA[2]

To establish a violation of the FLSA for non-payment of the minimum wage under 29 U.S.C. § 206, plaintiff must show that: (1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in commerce or in the production of goods for commerce; (3) the plaintiff was not compensated for all hours worked during each work week at a rate equal to or greater than the then-applicable minimum wage; and (4) none of the exemptions in 29 U.S.C. § 213 applied to the plaintiff's position. *See* 29 U.S.C. § 206.

To establish a violation of the FLSA for non-payment of overtime hours, plaintiff must show that: (1) the employee was employed by the defendant; (2) the employee was engaged in

---

[2] Although plaintiff does not reference 29 U.S.C. § 206 in her complaint, the undersigned finds that plaintiff is entitled to relief under § 206 as part of Count I.

commerce or in the production of goods for commerce; (3) the employee worked over forty hours per work week; (4) the employee was not compensated at a rate of 1.5 times their regular rate for each hour worked in excess of forty hours for each work week; and (5) none of the exemptions in 29 U.S.C. § 213 applied to the employees' position. *See* 29 U.S.C. § 207.

The facts set forth in the complaint establish that defendants employed plaintiff. Plaintiff entered into an employment contract in April 2015 and began work on April 30, 2015. (Compl. ¶¶ 19-20). Plaintiff entered into an amended employment contract on February 16, 2016. (Compl. ¶¶ 26-28). Although defendants treated her as an independent contractor, plaintiff was a full-time, non-exempt, "at will" employee of Only Choice. (Compl. ¶¶ 9, 20, 26-28, 41, 151; Docket no. 1-1). Plaintiff resigned from Only Choice in August 2017. (Compl. ¶ 147). At all relevant times, McNairy established pay policies and acted as an employer at Only Choice. (Compl. ¶ 13). McNairy and Only Choice together directed the services that plaintiff would provide to Only Choice clients and closely controlled plaintiff's work schedule. (Compl. ¶¶ 36, 38). Accordingly, at all times relevant to this action, defendants were plaintiff's employers for purposes of the FLSA. (Compl. ¶¶ 8-12).

Plaintiff was also an employee engaged in commerce under 29 U.S.C. §§ 206 and 207. (Compl. ¶¶ 35-36, 41). Plaintiff alleges that defendants failed to compensate her for hours worked between May 24, 2017 and May 31, 2017; July 3, 2017 and July 9, 2017; and July 28, 2017 and August 2, 2017. (Compl. ¶¶ 48-57, 97-99; Docket no. 14-1 ¶¶ 69-71). She also alleges that between May 2015 and August 2017, she frequently worked over forty hours per week without being paid an overtime premium. (Compl. ¶¶ 37, 58-81, 100-39, 141-42, 144-45). Finally, no evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213 apply to plaintiff, and she appears to be a covered employee entitled to the protections of the

FLSA. *See Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular employee's job falls within such an exception.").

Plaintiff also includes an $895.00 deduction for the amount defendants overpaid plaintiff as a claim for lost wages (Docket no. 14-1 ¶ 68). Plaintiff does not allege that defendants failed to pay her for the hours worked, but instead alleges the deduction was improper. (Compl. ¶¶ 48-57). The FLSA treats overpayment of wages as a loan or advance and allows an employer to deduct that overpayment from money owed to the employee during a later pay period. *See* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter (Oct. 8, 2004); U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter (Mar. 20, 1998). Plaintiff's complaint only establishes that she was entitled to $18.00 per hour for her private-duty nursing services and that defendants erroneously paid her $20.00 per hour. (Compl. ¶ 48-52). Therefore, it appears that defendants were entitled to recover the amount of the overpayment from plaintiff by deducting that amount from her paycheck, and that deduction does not violate 29 U.S.C. § 206.

Count II: Violation of Retaliation Provision of the FLSA

The FLSA prohibits an employer from discharging or discriminating against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding . . . , or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3). To establish a retaliation claim under the FLSA, plaintiff must show that (1) she engaged in protected activity under the FLSA, (2) the employer took an adverse action against plaintiff after or contemporaneous with that protected activity, and (3) the employee's activity caused the employer's adverse action. *Darveau*, 515 F.3d at 340. When plaintiff alleges retaliation that did not occur close in time to the protected activity, "plaintiff must put forth a sufficient explanation for the time elapsed between the

9

protected activity and the alleged retaliation." *Reardon v. Herring*, 191 F. Supp. 3d 529, 551 (E.D. Va. 2016) (quoting *Hinton v. Va. Union Univ.*, 185 F. Supp. 3d 807, 837 (E.D. Va. 2016)). The Fourth Circuit has not defined "a bright temporal line" but has "held that a three- or four-month lapse" does not establish causation without an additional explanation. *Perry v. Kappos*, 489 Fed. App'x 637, 643 (4th Cir. 2012).

The complaint clause of § 215(a)(3) includes both oral and written complaints. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). The Fourth Circuit also treats intracompany complaints as protected activity under § 215(a)(3). *Minor v. Bostwick Labs., Inc.*, 669 F.3d 428, 437 (4th Cir. 2012). However, to receive protection under the FLSA, the complaint "must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten*, 563 U.S. at 14; *see Minor*, 669 F.3d at 439 (holding that a plaintiff's allegations that he raised FLSA violations to his manager at a meeting specifically called for that purpose satisfied the complaint clause at the motion to dismiss stage); *Sanchez v. Caregivers Staffing Servs., Inc.*, No. 1:15-CV-01579, 2017 WL 380912, at *3 (E.D. Va. Jan. 26, 2017) (holding that a request for overtime pay that did not say that plaintiff thought her employer was violating the law, reference the FLSA or any other statute, or explain why employees were entitled to overtime pay did not qualify as filing a complaint under § 215(a)(3)); *see also Manfield v. Alutiiq Int'l Sols., Inc.*, 851 F. Supp. 2d. 196, 206 (D. Me. 2012) (holding that an employee failed to establish that he filed a complaint because he did not allege that he questioned the legality of defendants' actions or that he was engaged in organizing a labor action); *Miller v. Health Servs. for Children Found.*, 630 F. Supp. 2d 44, 49-50 (D.D.C. 2009) (holding that a plaintiff who did not reference the FLSA or her

legal rights under any other statute, did not mention possible legal action, and whose employer always considered her position exempt failed to establish that she filed a claim under § 215(a)(3)).

Plaintiff's memorandum in support clarifies that plaintiff seeks protection under the complaint clause of § 215(a)(3). (Docket no. 14 at 14-15). Plaintiff's complaint establishes that plaintiff filed an informal complaint with defendant within the meaning of that clause. Defendants increased plaintiff's pay rate on September 13, 2016, but then lowered the rate on December 1, 2016. (Compl. ¶¶ 48-50). Defendants did not notify her of this decreased pay rate when it occurred, but they did notify her that they raised her pay rate in error and intended to recover the overpayment for the pay periods during which she received the higher pay rate. (Compl. ¶¶ 51-54). In response, plaintiff told defendants that she intended "to address the issue with the proper authority to determine if Only Choice's actions were legal." (Compl. ¶ 160). Although the complaint does not allege that plaintiff invoked the FLSA by name, plaintiff did specifically question whether defendants could legally make the deduction in the context of a dispute about wage payments. (Compl. ¶ 160). Therefore, the circumstances as described in the complaint establish that a reasonable employer would be on notice that plaintiff had invoked the FLSA's protections.

However, the complaint fails to establish any causal connection between plaintiff's disagreement with Only Choice and an adverse action. Plaintiff alleges that defendants first retaliated against her "in response to her complaint by moving forward with the $895.00 deduction from her pay despite [plaintiff's] stated belief that such a deduction was not legal." (Compl. ¶ 162). Only Choice notified plaintiff of its intent to deduct the alleged overpayment from plaintiff's paycheck before she notified them of her intent to raise the issue with the proper authorities. (Compl. ¶¶ 52-53, 159-161). Only Choice responded to plaintiff's communication by moving

11

forward with the deduction, an action it planned to take before plaintiff made known that she disagreed with the deduction. (Compl. ¶ 162). Therefore, the complaint only establishes that defendants proceeded with their action despite the disagreement, not because of the disagreement, and the undersigned finds that defendants did not make the $895.00 deduction in retaliation for any protected activity.

Plaintiff also alleges that defendants retaliated by failing to pay her for the pay periods May 24, 2017 through May 31, 2017; July 3, 2017 through July 9, 2017; and July 28, 2017 through August 2, 2017, eventually forcing her to resign. (Compl. ¶¶ 163-165). However, the complaint neither establishes why defendants waited until May and July to retaliate against plaintiff for a February disagreement while continuing to pay her for the intervening pay periods, (Compl. ¶¶ 131-39, 141-42, 144-45), nor explains how the failure to pay her during those pay periods is connected to the disagreement over the pay rate deduction. Accordingly, plaintiff has failed to establish a retaliation violation under § 215(a)(3).

**Back Wages**

Plaintiff seeks $4,234.50 in unpaid non-overtime wages. (Docket no. 12 at 1). This includes $895.00 deducted from her paycheck for hours worked between January 2, 2017 and January 20, 2017 to account for an earlier overpayment; $1,176.00 for hours worked between May 24, 2017 and May 31, 2017; $621.00 for hours worked between June 1, 2017 and June 7, 2017; $832.00 for hours worked between July 3, 2017 and July 9, 2017, and $719.50 for hours worked between July 28, 2017 and August 2, 2017. (Docket nos. 14 at 21; 14-1 ¶¶ 68-71). Because the deduction represents an overpayment of previously paid wages, the undersigned excludes the $895.00 from the calculation. Also, because plaintiff did not allege that defendants failed to pay her for hours worked between June 1, 2017 and June 7, 2017 in her complaint

(Docket no. 1) or declaration (Docket no. 14-1), the undersigned excludes the $621.00 claimed during that time period from the calculation.  Accordingly, the undersigned recommends an award of **$2,727.50** in unpaid non-overtime wages.

Plaintiff also seeks $18,775.00 in unpaid overtime wages based on defendants' failure to pay an hourly rate of 1.5 times their employees' regular rate of pay for hours worked over forty in a work week.  (Docket no. 12 at 1).  Plaintiff calculates these wages based on a rate of $17.00 per hour from May 2015 until March 1, 2016, and a rate of $18.00 per hour from March 1, 2016 through her resignation.  (Compl. ¶¶ 21, 45; Docket no. 14-1 ¶¶ 3-4)

For twenty-four weeks from May 2015 through mid-October 2015 and eight weeks from January 2016 through March 2016, plaintiff states she worked eighty-three hours a week at a rate of $17.00 per hour.  (Compl. ¶ 62-67, 76-80; Docket no. 14-1 at 3, 7, 11).  For eleven weeks from mid-October 2015 until approximately January 2016, plaintiff states she worked fifty-three hours a week at $17.00 per hour.  (Compl. ¶¶ 68-74; Docket no. 14-1 at 9).  Plaintiff correctly calculated an overtime rate of $25.50 per hour during those time periods ($17.00 x 1.5).  (Compl. ¶¶ 64, 72, 78).  Plaintiff worked a total of 1,519 overtime hours from May 2015 until March 2016 ((43 overtime hours a week x 32 weeks) + (13 overtime hours a week x 11 weeks)). Plaintiff was paid at her normal rate of $17.00 per hour for those hours and not the overtime premium of $25.50 per hour.  (Compl. ¶¶ 65, 73, 79).  Accordingly, the total amount of overtime wages due to plaintiff for her work from May 2015 until March 1, 2016 is **$12,911.50** ((1,519 hours x $25.50) – (1,519 hours x $17.00)).

From March 1, 2016 through August 2, 2017, plaintiff worked a total of 585.75 overtime hours at a rate of $18.00 per hour.  (Docket no. 14-1 ¶¶ 16-66).  The overtime rate for that time period is $27.00 per hour ($18.00 x 1.5).  Plaintiff was not paid the overtime premium for

overtime hours worked during those pay periods. (Compl. ¶ 58-81, 100-49, 141-42, 144-45).

Therefore, the total amount of overtime wages due to plaintiff for her work from March 1, 2016

through August 2, 2017 is **$5,271.75** ((585.75 overtime hours worked x $27.00) – (585.75

overtime hours worked x $18.00)).

 Accordingly, the undersigned recommends an award of unpaid and overtime wages in the

total amount of **$20,910.75** ($2,727.50 for unpaid non-overtime hours + $12,911.50 for unpaid

overtime hours at $25.50 per hour + $5,271.75 for unpaid overtime wages at $27.00 per hour).

**Liquidated Damages**

 In FLSA cases, employees are routinely awarded liquidated damages equal to the amount

of unpaid wages. *See* 29 U.S.C. § 216(b); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118

(4th Cir. 1985). However, an employer can avoid the imposition of liquidated damages upon a

showing "that the act or omission giving rise to [the] action was in good faith and that he had

reasonable grounds for believing that his act or omission was not a violation" of the FLSA. 29

U.S.C. § 260. In this case, the employers have failed to appear and present any defense to

plaintiff's claim of a violation of the FLSA. (Compl. ¶¶ 148-55). Accordingly, an award of

liquidated damages equal to the amount of overtime and unpaid wages is appropriate. Because

this court finds that plaintiff did not establish a claim for retaliation (Compl. ¶¶ 156-67), a claim

for liquidated damages equal to the $895.00 deduction is not appropriate. Further, because the

undersigned excluded the unpaid wages from June 2, 2017 through June 8, 2017 from the

calculation, the court also finds that a claim for liquidated damages equal to the $621.00 in

unpaid wages is not appropriate.

 Accordingly, the undersigned recommends an award of liquidated damages in the total

amount of **$20,910.75**, for a total of $41,821.50 in back wages and liquidated damages.

**Attorney's Fees and Costs**

The FLSA provides for the mandatory award of attorney's fees and costs of an action. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In support of this claim, plaintiff submitted the declarations of Joshua Erlich (Docket no. 14-15), Katherine Hermann (Docket no. 14-13), and Davia Craumer (Docket no. 14-14), along with an accompanying client activity report (Docket no. 14-16). These submissions reflect a total of $8,312.50 in attorney's fees and $716.70 in costs. The attorney's fees are comprised of 2.80 hours of attorney time at $415 per hour for Joshua Erlich; 20.90 hours of attorney time at $315 per hour for Katherine Herrman; and 1.80 hours of attorney time at $315.00 per hour for Davia Craumer. (Docket no. 14-16). The costs associated with this matter include the civil filing fee ($400.00), service on Only Choice ($75.00) and McNairy ($235.00), and postal services ($6.70).

Plaintiff's client activity report submitted in support of her request reveals that the $9,209.20 billed for services in this matter includes both attorney's fees and costs. (Docket no. 14-16). Having reviewed these submissions, the undersigned finds that plaintiff's request for attorney's fees is reasonable,[3] but finds that an award of $8,312.50 is appropriate. Although plaintiff does not succeed on her retaliation claim, attorney's fees "may be awarded for time spent on unsuccessful claims if such claims are interconnected to the successful claims, *i.e.*, the

---

[3] These submissions do not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–23 (4th Cir. 2008), *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990), and *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) for establishing a reasonable fee award. Under those cases, the relevant inquiry is whether the fees charged are comparable with the prevailing market rates of other local lawyers familiar both with the skills of the fee applicants and the type of work in the relevant community; here, Northern Virginia. *Plyler*, 902 F.2d at 278. However, since defendants have not contested the requested amount of fees in this case, the court will accept the allegations set forth by plaintiff concerning the reasonableness of these fees as true. The total amount of the fees requested is consistent with fees incurred in similar cases and awarded by this court.

claims rest on the same facts or related legal theories." *Taylor v. Republic Servs., Inc.*, No. 1:12-CV-00523-GBL, 2014 WL 325169, at *7 (E.D. Va. Jan. 29. 2014). The interconnected nature of these claims supports a full award of attorney's fees. The undersigned also believes the costs associated with this matter are reasonable. Based on the foregoing, the undersigned recommends a finding that plaintiff is entitled to recover **$9,209.20** in attorney's fees and costs (consisting of $8,312.50 in attorney's fees and $716.70 in costs).

## Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff Heather Gibson and against defendants Only Choice Home Health Care Agency, LLC, and Beverly Ann McNairy in the amount of **$50,850.70** ($20,910.75 in unpaid and overtime wages + $20,910.75 in liquidated damages + $8,312.50 in attorney's fees + $716.70 in costs).

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to defendants Only Choice Home Health Care Agency, LLC and Beverly Ann McNairy at 15200 Leicestershire Street, Unit 336, Woodbridge, Virginia 22191, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this **16**th day of November, 2018.

_____ /s/ _____
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia